UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>   Plaintiff,<br><br>   v.<br><br>THE PRESIDENT OF U.S., *et al.*,<br><br>   Defendants. | Case No. 2:23-cv-00097-DJC-JDP (PS)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff filed a complaint purporting to assert claims against the President of the United States, Shiloh Arms Kids, Child Protective Service, and Apartment K, together with an application to proceed *in forma pauperis*. His complaint, however, fails to state a claim, and I will recommend that it be dismissed as frivolous. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).

9  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17 Plaintiff's complaint is largely unintelligible and contains no allegations concerning an
18 identifiable incident.  *See generally* ECF No. 1.  For example, plaintiff states in the complaint that
19 "[t]he six-sense word are thinking word, visual word, smelling word, spoken word, tasting word,
20 hearing word, touching word, and/or written word and above and beyond and infinite bond of
21 white diamond blue nile ct bond and free all debt bond and generate each country and all
22 countries and free all debt and winner-take-all system as highest achievement and obtain Medal
23 of Honor award," *id.* at 2-3, and "[h]e or she get cop or FBI and call cop to kill my military work
24 and SSI check and mental hospital are remove for military work and put me on SSI check and put
25 pill," *id.* at 4.

26 Plaintiff's complaint, which the court has been unable to decipher, fails to comport with
27 Rule 8's requirement that it present a short and plain statement of plaintiff's claims.  Fed. R. Civ.
28 P. 8(a). Plaintiff names the President of the United States, Shiloh Arms Kids, Child Protective

2

1  Service, and Apartment K as defendants but asserts no intelligible facts relating to them.

2  Moreover, plaintiff's allegations against these defendants do not identify any actions taken by

3  them that could support a claim for relief. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649

4  (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts

5  which defendants engaged in that support the plaintiff's claim."). Plaintiff must allege with at

6  least some degree of particularity overt acts of defendants that support his claims. *Id.*

7      The operative complaint should be dismissed for failure to state a claim. Given plaintiff's

8  allegations, I find that granting an opportunity to amend would not cure the complaint's

9  deficiencies, and so I recommend that dismissal be without further leave to amend.[1] *See Schucker*

10 *v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se

11 complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of

12 the complaint could not be cured by amendment.") (internal quotation marks and citations

13 omitted).

14     Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma*

15 *pauperis*, ECF No. 2, is granted.

16     Furthermore, it is hereby RECOMMENDED that:

17     1. Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend.

18     2. The Clerk of Court be directed to close this matter.

19     These findings and recommendations are submitted to the United States District Judge

20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

21 after being served with these findings and recommendations, any party may file written

22 objections with the court and serve a copy on all parties. Such a document should be captioned

23 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

24 objections shall be served and filed within fourteen days after service of the objections. The

---

[1] Plaintiff has filed other complaints resembling in some ways the instant complaint, and none have survived screening. *See Chiu v. Trump*, 2:22-cv-00764-KJM-AC (PS) (May 11, 2022 E.D. Cal) (plaintiff's complaint dismissed without leave to amend and with prejudice); *Chiu v. President of the United States*, 2:22-cv-00809-TLN-DB (PS) (Oct. 24, 2022 E.D. Cal) (plaintiff's complaint dismissed without leave to amend); *Chiu v. Extra Storage Space*, 2:23-cv-00099-KJM-AC (PS) (Jan. 23, 2023 E.D. Cal) (plaintiff's complaint dismissed without leave to amend).

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE